EXHIBIT A



COPY
ORIGINAL FILED
APR 2 2 2025
MICHAEL J. KILLIAN
FRANKLIN COUNTY CLERK

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF FRANKLIN

| | |
|---|---|
| DAVE SWISHER, individually, and FARM 2005, LLC, a Washington limited liability company | NO. 25-2-50405-11 |
| Petitioners, | COMPLAINT FOR DAMAGES |
| v. | |
| CITY OF PASCO, a municipality of the State of Washington, | |
| Respondent. | |

Dave Swisher, individually, and Farm 2005, LLC, a Washington limited liability company (collectively "Plaintiffs" or "Madison Park North") allege as their complaint against the City of Pasco, a municipality of the State of Washington, the following:

## PARTIES, PROPERTY AND LAND USE APPLICATION

1.1     Plaintiffs Dave Swisher, individually, and Farm 2005, LLC filed a Preliminary Plat Application (PP2022-007) with City of Pasco on April 7, 2023, proposing to subdivide an undeveloped 129.9-acre parcel into 461 single-family residential lots. The project is known as "Madison Park North". The project is located in the municipal boundaries of the City of Pasco

COMPLAINT FOR DAMAGES - 1

1    and subject to municipal review and permit review, process, and land use procedures and

2    requirements.

3

4        a.    **Property.** Plaintiffs are the owners of the following described real

5    property situate within the City of Pasco, Franklin County, Washington and legally described as

6    follows:

7

8        THE SOUTHWEST QUARTER OF SECTION 2,

9        TOWNSHIP 9 NORTH, RANGE 29 EAST, W.M.,

10       FRANKLIN COUNTY, WASHINGTON.

11       EXCEPT THAT PORTION THEREOF DESCRIBED AS

12       FOLLOWS:

13       BEGINNING AT THE SOUTH QUARTER

14       CORNER OF SAID SECTION 2; THENCE

         NORTH 0°54'15" EAST 1736.16 FEET ALONG

15       THE MID-SECTION LINE OF SAID SECTION

16       2 TO THE NORTHEASTERLY BOUNDARY

         OF THAT EASEMENT DESCRIBED IN DEED

17       RECORDED UNDER AUDITOR'S FILE

18       NUMBER 1952537, RECORDS OF FRANKLIN

         COUNTY, WASHINGTON; THENCE NORTH

19       45°15'31" WEST 217.16 FEET ALONG SAID

20       NORTHEASTERLY BOUNDARY; THENCE

         SOUTH 44°44'29" WEST 1500.00 FEET ALONG

21       THE NORTHWESTERLY BOUNDARY OF SAID

22       EASEMENT; THENCE SOUTH 45°15'31" EAST

         1177.05 FEET ALONG THE SOUTHWESTERLY

23       BOUNDARY OF SAID EASEMENT TO THE

24       SOUTH LINE OF SAID SECTION 2; THENCE

         NORTH 89°08'41" EAST 346. 70 FEET ALONG

25       SAID SOUTH LINE TO THE POINT OF

26       BEGINNING.

27

28    (Also known as Parcel B of Survey recorded under Auditor's File No. 1967124). Record title

29    to the subject property is held in the name of Farm 2005, LLC, a Washington limited

30

COMPLAINT FOR DAMAGES - 2

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

liability company, and comprises the land to be developed under the preliminary plat application for Madison Park North. The property was annexed to the City of Pasco on March 21, 2022 pursuant to *Ordinance No. 4574A*.

      **b.**    **Land Use Application.** Plaintiffs filed the Preliminary Plat Application with the City of Pasco on April 7, 2023. The application proposed subdivision of an undeveloped 129.9-acre parcel into 461 single-family residential lots. Applications for preliminary plat review and determination are set forth in PMC Chapter 21.25. The preliminary plat application included a completed State Environmental Policy Act (SEPA) Checklist, together with required copies of the preliminary plat proposal and certificate of ownership (title report). PMC 21.25.030. The preliminary plat was prepared by a professional engineer licensed by the State of Washington. The application complied with all applicable development standards and did not require or request any variances or administrative adjustments to the adopted development standards and requirements. All applicable fees were paid with the filing of the application for preliminary plat. PMC 21.25.120.

      **c.**    Preliminary plats of any proposed subdivision shall be approved, disapproved, or returned to the applicant for modification or correction within ninety (90) days from date of filing unless the applicant consents to an extension of such time period. RCW 58.17.140.

      **d.**    All permit applications requiring local government actions shall not exceed one-hundred twenty (120) days pursuant to RCW 36.70B.080.

COMPLAINT FOR DAMAGES - 3

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

        e.      City of Pasco approved Madison Park North, subject to conditions, through *Hearing Examiner's Findings of Fact, Conclusions of Law, Decision and Conditions of Approval ("Hearing Examiner Decision")* on March 24, 2025. Plaintiffs filed a timely land use petition pursuant to the Land Use Petition Act (LUPA) on April 11, 2025.

    **1.2    City of Pasco.** The City of Pasco, Washington is a municipality of the State of Washington.  The City of Pasco, through its Community Development Department and appointed Hearing Examiner, processed and issued final decision on the preliminary plat application for Madison Park North.

    **1.3    Jurisdiction and Venue.** This court has jurisdiction over this action and venue is proper in Franklin County Superior Court pursuant to RCW 4.12.010(1), RCW 4.12.025 and RCW 7.24.010.

## II.    FACTUAL BACKGROUND

    **2.1    Preliminary Plat Application.** Dave Swisher and Farm 2005, LLC filed a Preliminary Plat Application (PP2022-007) ("Application") with City of Pasco on April 7, 2023 proposing to subdivide an undeveloped 129.9-acre parcel into 461 single-family residential lots. The project is known as "Madison Park North". The proposed plat would create 461 lots. The City deemed the application complete on April 17, 2023.

        a.      **General Location:** The subject parcel is Assessor Parcel No. 114-250-018 in Pasco, Washington. The Property was annexed into the City of Pasco on March 21, 2022 pursuant to Ordinance No. 4574 and 4574A. The site has historically been used as farmland and is otherwise undeveloped. The project will involve the construction of a network of roads within and adjacent to the proposed plat, including required extensions of Burns Road,

COMPLAINT FOR DAMAGES - 4

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

Road 52 and Deseret Drive.

        **b.**    <u>**Proposed Lots:**</u> The proposed lots vary in size from 5,000 square feet to 37,637 square feet. A portion of the plat is within the "Zone 4 – Outer Approach/Departure Zone" designation within the Airport Safety Overlay which requires residential density at a minimum of the RS-20 zoning. The lots within this airport zone designation were designed to have a minimum lot size of 20,000 square feet.

        **c.**    <u>**Density:**</u> The proposed plat provides a density of approximately 3.6 du/ac which complies with City of Pasco Comprehensive Plan ("Comprehensive Plan") permitted densities within the Low Density Residential land use designation permitting residential densities between 3 and 6 dwelling units per acre (du/ac).

        **d.**    <u>**Lot and Right-of-Way:**</u> The lot and right-of-way layout complies with applicable City subdivision development standards with an internal network of street dedicated and improved to City Code and Design and Construction Standards, including multi-use paths (MUPs) for pedestrians and cyclists adjacent to Burns Road, Road 52, and Deseret Drive.

        **e.**    <u>**Variance and Adjustments:**</u> The Preliminary Plat Application for Madison Park North did not request any variances or administrative adjustments to applicable development standards.

    **2.2**    <u>**Comprehensive Plan and Zoning.**</u> Comprehensive Plan land use designation and zoning of subject property is as follows:

        **a.**    <u>**Comprehensive Plan:**</u> The City of Pasco *Comprehensive Plan 2018-2038* designates this site as Low Density Residential. The Low Density Residential land use designation is described as a variety of residential housing at a density of 3 to 6 dwelling units

COMPLAINT FOR DAMAGES - 5

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

per acre. PMC 25.215.015. R-1 Low Density Residential is an implementing zoning district.

      **b.**    **Zoning:** The property is zoned R-1 Low Density Residential. Zoning, and current use of surrounding properties:

> North: Franklin County Zoning RR-1; Rural Residential 1/Single Family Homes
>
> East: Franklin County Zoning RR-1; Rural Residential 1/Single Family Homes
>
> South: RS-1/PDD Suburban Planned Density Development/Single Family Homes
>
> West: R-1/R-3 Low and Medium Density Residential/Irrigated Agriculture.

The proposed subdivision complied with and was authorized within the applicable zoning district.

      **2.3**    **Complete Application.** The City deemed the Application complete on April 17, 2023.

      **2.4**    **Traffic Concurrency.** On May 2, 2023, the City reversed its prior completeness determination and retroactively deemed the application incomplete and required preparation of a Traffic Impact Analysis to assist in the traffic concurrency review process under PMC 12.26.070. A Traffic Impact Analysis is not a required part of a complete application for preliminary plat. PMC 21.25.030.

      **a.**    Applicants complied with the request. Madison Park North engaged the highly regarded Transpo Group to prepare a Tier 2 Traffic Impact Analysis (TIA) (*"Madison Park North TIA"*) for the proposed subdivision. The *Madison Park North TIA* included review of the project description, estimated trip generation, planned improvements,

COMPLAINT FOR DAMAGES - 6

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

trip distribution and assignment, sensitivity analysis, and recommended study intersections and applicable assumptions.

   **b.**  Transpo Group sent a scoping request to the City on June 15, 2023. The letter was sent to the City which subsequently engaged PBS Engineering to conduct a peer review. The City did not respond to the scoping letter until September 15, 2023. The City response identified nine (9) study intersections, trip distribution verification, model trip count instructions, and instructions to utilize the 2024-2029 Six-Year Transportation Improvement Plan (TIP) for planned improvements.

   **c.**  Transpo Group conducted traffic counts for each of the study area intersections, calculated trip generation counts for the project, prepared trip distribution and sensitivity analysis, completed concurrency assessments, and provided mitigation recommendations. Transpo Group submitted a complete Tier 2 TIA to the City on November 6, 2023. City failed to provide substantive comment on the Tier 2 TIA. More than five (5) months passed without substantive feedback from the City.

   **d.**  PBS Engineering peer-review comments on the *Madison Park North TIA* dated January 9, 2024 were subsequently obtained by Plaintiffs on March 18, 2024 through a public records request. The City did not provide comments to Plaintiffs at time of receipt.

   **e.**  Transpo Group prepared and submitted an updated Tier 2 TIA in April of 2024 after obtaining the authorization to perform the update from the City. PBS Engineering completed its final review on May 17, 2024 and concluded that the *Madison Park North TIA* addressed all comments and there were no further errors or concerns.

COMPLAINT FOR DAMAGES - 7

**2.5**    The *Madison Park North TIA* included the following findings and determinations.

a.    The TIA concluded that at the time the last phase of the Madison Park North plat is completed, 177 AM peak hour trips and 246 PM peak hour trips from the proposed plat would utilize Road 52 north of the intersection of Road 52 and Burns Road. Road 52 is classified as a "Collector" street with traffic volumes of between 5,000 and 30,000 vehicles per day. The standard design is for two lanes of travel with a center turn-lane. The peak hour design capacity is 1,580 vehicles per hour. Madison Park North requires only 16% of the design capacity.

b.    The TIA also reported that the proposed plat will generate 30 AM peak hour trips and 42 PM peak hour trips using the portion of Burns Road east of Burns/Road 52 intersection. This road section fronts the south edge of the proposed subdivision. Burns Road is classified as a "Principal Arterial" with a design capacity for more than 30,000 vehicle trips per day. The City required right-of-way dedication of 100' in order to facilitate development of a five-lane Principal Arterial.

c.    Hearing Examiner found that there were numerous planned transportation improvement projects within the study area including roadway widening, intersection traffic control revisions, and roadway extensions. Based on City instructions provided in response to the TIA scoping letter, Transpo Group included and considered the identified improvements based on the City's 2024-2029 Six-Year Transportation Improvement Project (TIP). TIP project improvements were used as the basis for the Madison Park North TIA, including the level-of-service analysis and recommended mitigations.

COMPLAINT FOR DAMAGES - 8

**d.** The *Madison Park North TIA* was prepared in accordance with the City's codified concurrency review process established through PMC 12.36.070. The City accepted the *Madison Park North TIA* and determined that the subdivision, as mitigated through the TIA, met minimum concurrency requirements under PMC 12.36.080 and .090.

**e.** The City and PBS Engineering confirmed the Transpo Group analysis and findings that the development's impact on the transportation network did not reduce established levels of service and would be fully mitigated by payment of the Traffic Impact Fee under PMC 3.40.050.

**f.** The TIA summarized the mitigation measures needed for the Madison Park North plat, as follows:

- The TIA provides an initial estimate of fees; however, the actual fees will be coordinated with City staff. The applicant will pay transportation impact fees (TIF) estimated to be $154,562 for the interim condition (cumulative Phases 1-5) and a total cumulative fee of $326,140 for the full build out condition.

- As the study intersections meet the operational standards for the future with project conditions, the project's payment of the traffic impact fees mitigate its impact on the transportation system and no additional proportionate share contributions are necessary. This is consistent with PMC 12.36.080.

- Credit will be provided for the ROW dedication and frontage improvements for Burns Road and Road 52 corridors, relative to any *additional* mitigation fees paid by the applicant.

The City's peer review transportation engineers concurred with these findings.

COMPLAINT FOR DAMAGES - 9

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

**2.6**   **Environmental Review.** Petitioners filed a complete SEPA Checklist with the Preliminary Plat Application. The City issued a *Notice of Application with Optional SEPA Determination of Non-Significance* on April 14, 2023. Comments were received from agencies and the public. Despite notice, no comments were received from Pasco School District. Comments did not identify any significant adverse environmental impacts. Despite issuance of the Notice of Application and receipt of comments, City took no action on the SEPA environmental review and withheld issuance of a threshold determination for a period of fifteen (15) months.

**a.**   **Initial Mitigated Determination of Non-Significance:** SEPA Responsible Official issued an initial Mitigated Determination of Non-Significance (Optional DNS Process) ("*Initial MDNS*") for Madison Park North on July 9, 2024. The *Initial MDNS* ignored the findings in the Madison Park North TIA and based mitigation on consolidated traffic impact analysis that included four (4) separate and unrelated projects. The *Initial MDNS* included the following requirements:

      i.     An archaeological survey prior to ground disturbing activities.
      ii.    Park and open spaces totaling 4.76 acres of land.
      iii.   Traffic impacts mitigated with a "to be determined" proportionate share of the following intersections/projects:

          1.    Burns Road Extension (TSMP EXP6, TIP 5.02)-up to $1,050,000.

          2.    Burns Road & Road 68 Intersection (TSMP EXP 6, TIP 5.02) - up to $472,500.

          3.    Burns Road & Road 60 Intersection - up to 25%.

          4.    Sandifur Parkway & Convention Drive Intersection (TSMP INT 2, TIP 5.15)- up to 22%.

COMPLAINT FOR DAMAGES - 10

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

5.   Burden Boulevard & Road 68 Intersection/
Road 76 Overpass (TSMP INT 3 & EXT 2,
TIP 5.08)-up to $624,750.

The SEPA transportation mitigation was based on aggregation of transportation impacts associated with four unrelated development proposals – Raven Place, Glacier Park, Pasco School District High School, and Madison Park North. Madison Park North's allocable share was over $3,300,000.

**b.**   In issuing the *Initial MDNS*, the City ignored the approved findings, conclusions, and determinations of the *Madison Park North TIA* and concurrency review under PMC 12.36.030.

**c.**   The City imposed additional SEPA transportation mitigation based upon the *Burns Road Development Concurrency Review* prepared by Fehr & Peers, an independent engineering and surveying firm. Preliminary findings were first provided on June 14, 2024. Madison Park North provided substantive review comments on and objections to the draft Fehr & Peers Concurrency Review on June 26, 2024, all of which were disregarded by the City.  The City initiated this separate review without notice to Plaintiffs on April 1, 2024, mere days after the Developer notified the City both verbally and in writing of project delays and failures to comply with applicable requirements for permit review. The City provided no response to Plaintiff's comments.

**d.**   The City proceeded to impose erroneous, duplicative, and illegal SEPA transportation mitigation based on the *Burns Road Development Concurrency Review* on the four developments. The mitigation transferred external mitigations and costs to Madison Park North. Despite being used as the sole basis for more than ten million dollars of SEPA MDNS

COMPLAINT FOR DAMAGES - 11

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

mitigations across four large projects, the City did not furnish a copy of the final version to Madison Park North until July 15, 2025.

      **e.**      Based upon the Fehr & Peers report, the City allocated proportionate mitigation requirements for five (5) intersections and road segments between the four separate but unrelated projects. The allocation was in direct conflict with the *Madison Park North TIA* and associated concurrency determinations. The City imposed additional transportation mitigation on Madison Park North despite findings that the project met all concurrency requirements and fully satisfied transportation impacts through payment of impact fees.

      **f.**      The transportation mitigation required in the *Initial* MDNS was in addition to traffic impact fees payable under PMC 3.40.050. Such additional mitigation violated prohibitions set forth in RCW 43.21C.065. The allocation was inconsistent with the findings of the approved *Madison Park North TIA* which was peer reviewed and approved by the City's third-party transportation engineer.

      **g.**      **Appeal:** Plaintiffs filed a timely Notice of Appeal of the Madison Park North *Initial MDNS* on July 23, 2024. Applicants filed a dispositive motion with Pasco Hearing Examiner on September 2, 2024, arguing that the MDNS SEPA transportation mitigation fees were duplicative payment of traffic impact fees and in violation of RCW 43.21C.065. The City did not dispute or refute the substance of the motion or the violation of RCW 43.21C.065.

      **h.**      **Withdrawal of Appeal:** Based on the clear violation of RCW 43.21C.065, the City withdrew the *Initial MDNS* on September 16, 2024. With the withdrawal, the appeal was moot, and Applicants then withdrew their SEPA appeal. On subsequently issued

COMPLAINT FOR DAMAGES - 12

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

MDNS, the City did not include proportionate share requirements to offset transportation system impacts.

        **i.**      **City Issuance of Revised MDNS:** The City issued a revised *SEPA Mitigated Determination of Non-Significance* ("*Revised MDNS*") for Madison Park North Preliminary Plat (SEPA 2023-032) on November 4, 2024. The City delayed issuance of the *Revised MDNS* for unknown reasons. The *Revised MDNS* included the following mitigations:

1. The applicant shall pay mitigation to the City of Pasco for impacts on the City roadway system. The mitigation required is $709.00 per residential unit. The project will result in 464 residential units. Thus, $709 X 464 = $328,976.00. Payment of traffic mitigation fees to the City is required prior to the issuance of the first building permit.

2. A cultural resources survey prior to ground disturbing activities.

Hearing Examiner found that "…the MDNS calls for Applicants to pay *transportation impact fee* (TIF) of $709 per lot ($328,976 total for all 464 lots) in full prior to first building permit." This condition accelerated the payment date for traffic impact fees. The City did not appeal this determination.

**2.7**    **Amendment of Six-Year Transportation Improvement Plan (TIP).**

Subsequent to the Madison Park North TIA showing that projects on the TIP were eligible for transportation impact fee credit, the City proceeded to issue its annual Six-Year Transportation Improvement Plan (TIP) with adoption of *2025-2030 Six-Year TIP* on June 4th, 2024 through *Resolution 4464*. The updated TIP removed regional projects adjacent to Madison Park North including the Road 52 corridor. The City subsequently argued, based upon the updated *2025-2030 Six-Year TIP*, that Madison Park North was not eligible for credits against traffic impact fees imposed through PMC 3.40. This position was contrary to City approvals of other similarly

COMPLAINT FOR DAMAGES - 13

situated developments. The City's actions were intended to deny Madison Park North traffic impact fee credits provided under PMC 3.40.080 and RCW 82.02.060(5), and resulted in a Six-Year TIP inconsistent with the City's adopted Comprehensive Plan and applicable law. RCW 35.77.010.

  **2.8**  <u>**Deseret Drive, Road 44, Burns Road and Road 52.**</u> During review of the preliminary plat, the City required dedication of right-of-way and frontage improvements to Deseret Drive, Road 44, Burns Road, and Road 52 as an arterial and collector road network required to serve the region.  Road 52 and Deseret Drive were classified as "Collector" roads. Burns Road was classified as a "Principle Arterial". The extent to which these corridors were required to extend and the width of these corridors was beyond the local access street network that would have been required to serve the subdivision.

  **2.9**  <u>**Park Facilities.**</u> The City of Pasco *Parks, Recreation and Open Space Master Plan* has established a Level of Service (LOS) of two (2) acres of neighborhood park land and 2.1 acres of community park land per 1,000 population. Based on the anticipated population that would be generated by the development (1,632 people, assuming an average household size of 3.54 persons per household) a total of 3.26 acres of parkland was required to meet the neighborhood park LOS goal.

    **a.**  Madison Park North advised the City through permit review that the City was using a park level of service standard inconsistent with the City's adopted Comprehensive Plan, and was requiring a more stringent level of service than established in the City's adopted Comprehensive Plan.  The City ignored the comments and proceeded to use the incorrect level of

COMPLAINT FOR DAMAGES - 14

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

service criteria. This resulted in a larger park space being provided by the subdivision than required by the comprehensive plan.

b.    Madison Park North identified in a memo prior to issuance of the MDNS that the City did not have a codified basis for requiring dedication of land and construction of a park, given that the City had a park impact fee established for the same purpose.

c.    The City attempted to limit a park fee credit for only a portion of the cost of the park and improvements, in conflict with RCW 82.02.060 (5).

d.    The proposed plat provides a 2.07 acre neighborhood park, privately-owned but developed and open to the public park. Madison Park North also provides a total 1.35 acres of Mixed Use Paths (MUPs), with an additional 0.54 acres of active recreation park land to be provided by the sports field being developed as part of the new Pasco High School located to the West of the proposed plat.

e.    Madison Park North park and multi-use paths together with associated Pasco High School active recreation park meet City-imposed neighborhood park level of service (LOS) standard.

2.10    **Open Record Hearing.** An open record hearing was held on December 8, 2024, which was subsequently continued to January 12, 2025. The open record hearing on January 12, 2025, was continued to January 22, 2025. The Report of the Community and Economic Development Department was consistently late and failed to provide required reports at least seven days prior to the hearing, in conflict with PMC 25.195.040.

2.11    **Hearing Examiner Decision.** City of Pasco Hearing Examiner issued *Findings of Fact, Conclusions of Law, Decision and Conditions of Approval* on March 24, 2025.

COMPLAINT FOR DAMAGES - 15

      a.     **Conditions of Approval.** *Hearing Examiner Decision* included the following conditions of approval.

      1.     **Condition of Approval 3:** The Hearing Examiner Condition of Approval 3 provides:

> The face of the final plat shall include this statement: "As a condition of approval of this plat, pursuant to RCW 35.43.182 the owner hereby waives for a period of ten (10) years from the date of approval of this plat the right to protest the formation of a Local Improvement District (LID) or Utility Local Improvement District (ULID) for the financing and construction of transportation and/or utility improvements that specially benefit property owner(s) within this plat and are identified in the Capital Facilities Element of the City of Pasco's Comprehensive Plan, or documents adopted or incorporated by reference therein. This waiver shall be liberally construed in accordance with and to accomplish the purposes of RCW 35.43.182."

Condition 3 is not supported by substantial evidence, is contrary to applicable law, clearly erroneous, and violates Petitioners' constitutional rights.

      2.     **Condition of Approval 17:** Hearing Examiner imposed Condition 17 which provides as follows:

> Park, Traffic, and School impact fees at the then-applicable impact fee rate will be collected for each lot at the time of issuance of building permits for new residences, *with traffic impact fees of $328,976 payable prior to the issuance of the first building permit.* Credits and reductions to the Park Impact Fees will be provided commensurate with the value of park land and improvements as determined by the Director in accordance with RCW 82.02.060(5), PMC 3.40.090 and PMC 3.50.070 and the Conditions of Approval of this Preliminary Plat. *Credits and reductions to the Transportation Impact Fees are not required.*

Hearing Examiner's denial of credits and reduction of Transportation Impact Fees is not supported by substantial evidence, is contrary to law and *Revised MDNS*, is clearly erroneous, and violates Petitioners' constitutional rights.

COMPLAINT FOR DAMAGES - 16

3.     **Condition of Approval 19:** Hearing Examiner imposed condition 19 which provides as follows:

> Applicant shall ensure all proposed road alignments are designed and constructed in compliance with PMC 21.15.030(1) and (2), Street Standards, and the City's codes and standards in relationship to adjoining plats and their streets. Specifically, the streets of the proposed plat shall be adjusted to align with the two already-approved County subdivisions to the North: Zargoza Addition (Road 47) and Towers landing (Road 51). The concept of realignment of Road 47 and 51 presented by the applicant on 12/6/2024, may be implemented as a minor adjustment as opposed to major adjustment to the preliminary plat in accordance with PMC 21.25.080.

Condition 19 sets forth inconsistent and incomplete statement of applicable street and improvement standards and requirements for three-quarter street standards, is inconsistent with adopted standards and other portions of the City's code, and is not supported by substantial evidence.

4.     **Condition of Approval 21:** Hearing Examiner required and imposed Condition 21 which provides as follows:

> The Pasco School District has demonstrated, by the testimony of Paul Knudson at the open record public hearing, and the January 8, 2025, comment letter that there are direct impacts to the school district regarding school children at or near Pasco District Property. Because of these impacts, the developer shall work with the School District to address these direct impacts, by adding advanced warning signs on both Burns Road and Road 52, adding flashing beacons on the Northbound and Southbound Road 52, and upgrade the existing crosswalk at the non-controlled intersection of Santa Cruz Lane and Road 52, to include a RRFB.

Condition 21 is not supported by substantial evidence, is contrary to applicable law, and clearly erroneous, and violates Petitioners' constitutional rights.

COMPLAINT FOR DAMAGES - 17

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

      **b.**   <u>**Regulatory Exactions and Takings.**</u> In addition to the subject conditions, *Hearing Examiner Decision* included determinations that violated Petitioners' constitutional rights and constituted regulatory takings of property, including but not limited to the following.

      **1.**   City imposed a mandatory statement on all final plat recordings requiring property owners to waive their statutory right to protest the formation of a Local Improvement District (LID) or Utility Local Improvement District (ULID) for a period of ten (10) years.

      **2.**   Hearing Examiner denied credits against the Traffic Impact Fees applicable to the proposed preliminary plat for the cost of right-of-way dedication and construction of street improvements on Burns Road, Road 52, and Deseret Drive.

      **3.**   Hearing Examiner required Madison Park North to dedicate the full 100' road right-of-way for extension of Burns Road as a Principle Arterial and appears to require construction of a full three-lane roadway section at its sole cost and expense.

**2.12**   <u>**Appeal.**</u> Plaintiffs filed a timely petition pursuant to the Land Use Petition Act (LUPA) of the final land use decision on April 11, 2025.

**2.13**   <u>**Plan Review Delays.**</u> During the plat review process and consistent with historic City practice, Madison Park North submitted engineered development plans for the initial phases of Madison Park North project. Contrary to established practice, the City refused or failed to review plans in a timely manner causing further and additional delays to development of the residential subdivision. The refusal to process was discriminatory and inconsistent with City review procedures for comparable projects.

**2.14**   <u>**Latecomers Agreement.**</u> On April 2, 2025, the City delivered by certified mail a *Preliminary Determination Notice for Parcel No. 114-250-018* advising Farm 2005 that "…[C]ity has determined the Farm 2005 parcel to be a part of the preliminary assessment reimbursement area consisting of one or more properties that benefit from construction of one or

COMPLAINT FOR DAMAGES - 18

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

more of the following: Water, Irrigation, Sewer and/or Street Improvements." The notification

advised that the assessment related to street improvements for construction of a "Traffic Signal"

at the intersection of Road 60 and Burns Road. The estimated cost of improvement was

$613,519.31. Farm 2005 was assessed a proportionate share cost equal to twenty five percent

(25%) of a total cost of the project. This assessment is identical to the illegal SEPA mitigation

charge included in the *Initial MDNS*.

        a.     In the *Preliminary Determination* the City stated:

> Pursuant to the provisions of the Pasco Municipal Code, the
> City has made the preliminary determination that your
> parcel would directly benefit from the construction of the
> Water, Irrigation, Sewer and/or Street Improvements by
> receiving access to City of Pasco facilities.

The assessment is purportedly authorized as a Reimbursement and Latecomers Agreement

pursuant to PMC 14.25.010 and RCW 35.72.010. The City provided no supporting analysis,

benefit assessment, or other substantive factual or legal support. The proposed assessment is

contrary to law and violates Plaintiffs' constitutional rights.

        b.     The basis of the calculations prepared by the City appears on the surface

to have roots in the *Burns Road Development Concurrency Review* study prepared by Fehr &

Peers which was the basis for the Initial MDNS mitigation that was successfully appealed by

Plaintiffs and withdrawn by the City. It is a back door attempt to impose illegal and

unconstitutional traffic mitigations and exactions on Plaintiffs.

        c.     The *Preliminary Determination* is contrary to approved findings in the

*Madison Park North TIA* which concluded that the Madison Park North project did not adversely

impact the Road 60 and Burns Road intersection and did not create a deterioration of intersection

functions below adopted level of service (LOS) requirements. The *Preliminary Determination* is

COMPLAINT FOR DAMAGES - 19

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

also inconsistent with findings in the land use application filed by Pasco School District High School#3 which determined that the subject intersection did not meet signal warrants.

        **d.**     The Road 60 and Burns Road traffic signal is not in any City planning document, including the 2024-2029 TIP, the 2025-2030 TIP, the Capital Improvement Plan (CIP), the Transportation System Master Plan (TSMP), or the City of Pasco Comprehensive Plan. The proposed assessment and latecomer agreement is arbitrary, capricious, unlawful and imposed a disregard of all prior traffic impact analysis and determinations.

        **e.**     The City previously determined through the Madison Park North review process that the proposed subdivision did not adversely impact or require signalization of the Road 60 and Burns Road intersection. Madison Park North does not benefit from the installation of a signal at the intersection of Road 60 and Burns Road.

        **f.**     The City's effort to impose latecomer obligations on Madison Park North is arbitrary, capricious, unlawful and unconstitutional. It is consistent with a pattern of discriminatory, unlawful, and unconstitutional efforts to impose additional financial obligations on the project, subdivision, and property owners.

    **2.15**   **Withholding of Grading Permit.**  The City withheld a grading permit with the Madison Park North project for several months without basis prior to issuing it, causing further delays. Madison Park North was forced to intervene in and initiate agency consultation with tribes to clarify cultural resource requirements, re-submit an identical permit application at the request of City staff claiming the original application was "expired" which is not a practice supported by local or state law, and pay a double permit fee because work was performed without a permit.

COMPLAINT FOR DAMAGES - 20

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

**2.16** <u>**Withholding Critical Information.**</u>  The City consistently withheld critical information from the applicants such as the final Fehr & Peers concurrency review study during the SEPA MDNS appeal period, staff reports prior to project hearings, and County input on road alignment.

**2.17** <u>**Demanding Surrender of Rights as Condition of Permit Review.**</u>  After Madison Park North's submission of Phase 1 civil engineering plans on January 25, 2025, the City demanded that Madison Park North sign unique, never-before-used agreement as a condition for reviewing plans in parallel with project approval.  These agreements included a number of conditions completely unrelated to the matter of reviewing an application in parallel with project approval, including surrender of the right to pursue delay claims and severe penalties for failure to pay City-required fees.  Madison Park North refused to sign these agreements and proposed alternate context-appropriate terms. The City did not respond and continued to withhold plan review until after approval was obtained, and did not provide review comments on the Phase 1 Civil plans until April 3, 2025. This delay exceeded reasonable time frames for processing this type of application in accordance with the City's Design and Construction Standards.

**2.18** <u>**Disregard of Timelines, Comment Response, and Retaliatory Actions.**</u>
Several months prior to the project hearing, the Applicants (i.e. Plaintiffs) sent memos to the City raising concerns with regard to project delays, failures to respond, the legality of imposed conditions, and processes, development standards and unconstitutional exactions. These multiple warnings were completely disregarded by the City. The City advised Madison Park North "If

COMPLAINT FOR DAMAGES - 21

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

you don't like it, you can always appeal it". The City has engaged in a pattern of delay and retaliatory action on this project.

## III.    FIRST CAUSE OF ACTION

**Violation of RCW 64.40.020 for Arbitrary, Capricious, Unlawful, Exceeding Lawful Authority and Failure to Act within Established Time Limits.**

**3.1**    Plaintiff's hereby reallege and incorporate by reference each paragraph set forth above as though fully set forth herein.

**3.2**    Plaintiffs filed an application for governmental approval for subdivision of the subject property as required by law. The City's actions result from a final decision by Hearing Examiner which places requirements, limitations, conditions upon the use of real property in excess of those allowed by applicable regulations in effect on the date the application for permit was filed, as well as by its failure to act within time limits established by law in response to Plaintiffs application for a permit.

**3.3.**    Plaintiffs have been damaged by the arbitrary, capricious, unlawful agency acts related to permitting decisions and delays in  processes related to preliminary plat application filed by Plaintiffs with regard to Madison Park North all in violation of RCW 64.40.020(1). Madison Park North incurred additional consultant fees, carrying costs, and time delays as a direct result of the City's acts described in Paragraphs 2.3–2.18, thereby increasing their damages recoverable under RCW 64.40.020(4).The City's acts and omissions include the following:

    a.    The agency action was arbitrary or capricious;

    b.    The agency action was unlawful and exceeded its lawful authority;

    c.    The agency failed to act within time limits established by law.

COMPLAINT FOR DAMAGES - 22

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

**3.4**     The City's actions that were unlawful or in excess of lawful authority were made with knowledge of its unlawfulness, or that it was in excess of lawful authority, or it should reasonably have been known to have been unlawful or in excess of lawful authority.

**3.5**     Plaintiffs have been damaged in the sum to be determined at time of trial, including reasonable expenses and losses incurred between the time a cause of action arises and the time that relief is granted as provided in RCW 64.40.020.

**3.6**     Plaintiffs request the award of reasonable costs and attorneys' fees pursuant to RCW 64.40.020(2).

## IV.     SECOND CAUSE OF ACTION

### Violations of 42 U.S.C. Section 1983

**4.1**     Plaintiff's hereby reallege and incorporate by reference each paragraph set forth above as though fully set forth herein.

**4.2**     The City, acting under color of state law, has taken property interests from Plaintiffs in violation of the Fifth Amendment and Fourteenth Amendment of the Federal Constitution. Unconstitutional acts include but are not limited to the following:

     **a.**     The City required waiver of rights to protest formation of Local Improvement District (LID) and Utility Local Improvement District (ULID) as provided by RCW 35.43.180. The statutory property right to protest formation of future LID or ULID that lacked nexus to the project proposal and was not proportional in violation of constitutional exaction requirements set forth in *Nolan v. California Coastal Comm'n.,* 483 U.S. 825 (1987) and *Dolan v. City of Tigard,* 512 U.S. 374 (2000).

COMPLAINT FOR DAMAGES - 23

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

      **b.**     The City has required dedication of 100' right-of-way for extension of Burns Road which constitutes the full right-of-way dedication of property for the development and extension of a Principle Arterial roadway. The regulatory exaction constitutes a taking in violation of the Fifth Amendment and Fourteenth Amendment of the Federal Constitution and the "nexus" and "rough proportionality" requirements set forth in *Nollan v. California Coastal Comm'n.*, 483 U.S. 825 (1987) and *Dolan v. City of Tigard*, 512 U.S. 374 (2000).

      **c.**     The City imposed requirement that Madison Park North construct a full three-lane arterial road section is not roughly proportional to project impacts and constitutes an unconstitutional taking under the Fifth Amendment and Fourteenth Amendment of the Federal Constitution.

      **d.**     The City's denial of credits against transportation impact fees constitutes an unconstitutional taking of property and is not roughly proportional to the impact of the development in violation of the Fifth Amendment and Fourteenth Amendment of the Federal Constitution.

    **4.3**     The regulatory exactions constitute an unconstitutional taking of property and fails to meet nexus and rough proportionality requirements under the federal constitution.

    **4.4**     City's actions violate 42 USC §1983(b) and (c).

    **4.5**     Plaintiffs have been damaged in an amount to be determined at time of trial.

    **4.6**     Plaintiffs are entitled to award of reasonable attorney's fees and costs as allowed by 42 U.S.C. §1983.

COMPLAINT FOR DAMAGES - 24

LAW OFFICES OF
**MEYER, FLUEGGE & TENNEY, P.S.**
230 South Second Street · P.O. Box 22680
Yakima, WA 98907-2680
Telephone (509) 575-8500

## V.    PRAYER FOR RELIEF

WHEREFORE, Petitioners pray for the following relief:

**5.1**    Declaration that City's actions are arbitrary, capricious, unlawful, exceed lawful authority, and City failed to act within time limits established by law as authorized in RCW 64.40.020.

**5.2**    Declaration that City's actions violated provisions of federal constitution and 42 USC §1983 and that Plaintiff be awarded damages in an amount to be determined at trial.

**5.3**    For entry of judgment and damages established at time of trial.

**5.4**    For award of reasonable costs and attorneys fees as allowed by law.

**5.5**    For such further and additional relief as the Court deems just and reasonable.

DATED this ____22d____ day of April, 2025.

MEYER, FLUEGGE & TENNEY, P.S.


_____

JAMES C. CARMODY, WSBA #5205
Attorneys for Petitioners

U:\Erica\EE Properties, LLC - Madison Park Development\Madison Park North\Complaint for Damages\Complaint for Damages_JP.doc

COMPLAINT FOR DAMAGES - 25